**IN THE UNITED STATES DISTRICT COURT**
**OF THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IGI GIOVANNI ACOSTA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:20-CV-181** |
| **SOURCECORP BPS, INC.,** | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332 and 1441, Defendant SourceCorp BPS, Inc. ("Defendant"), by and through its undersigned attorneys, hereby removes this action from the 168th Judicial District Court in El Paso County, Texas to this Court on the ground of diversity jurisdiction. Complete diversity exists; the amount in controversy exceeds $75,000, and removal is timely. Accordingly, this matter should be removed. In support thereof, Defendant states as follows:

### Introduction

1.      Plaintiff filed the present action in the 168th Judicial District Court of El Paso County, Texas on May 18, 2020. The case is styled *Igi Giovanni Acosta v. SourceCorp BPS, Inc.,* Cause No. 2020-DCV-1681 ("Petition").

2.      Defendant received notice and service of process on May 29, 2020. Defendant timely filed its answer on June 18, 2020.

3.      There are no other defendants named in the Petition other than Defendant.

### Diversity of Citizenship

4.      This Court has original jurisdiction over Plaintiff's claims based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Diversity of citizenship exists where the suit is between a citizen of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000. *See*

*Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995); 28 U.S.C. § 1332(a)(2).

5.      Upon information and belief, Plaintiff, an individual, resides in El Paso County, Texas and is a citizen of Texas.  *See* Ex. A-1 at ¶ 2.

6.      A corporation is a citizen of the State of its incorporation and of the State where its principal place of business is located.  28 U.S.C. § 1332(c)(1).

7.      The principal place of business for a corporation has been defined as the location where a "corporation's officers direct, control, and coordinate the corporation's activities…" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); 28 U.S.C. § 1332(c)(1).

8.      Defendant is incorporated in Delaware.  *See* Ex. B, Declaration of Barbara Lee, ¶ 4.

9.      Defendant's executive, administrative, financial, and management functions are conducted by its high-level officers and director-level employees who direct, control, and coordinate the company's business and corporate activities, or otherwise assist in the foregoing.  *See* Ex. B, Lee Decl., ¶ 5-6.  These individuals are located in Michigan, Colorado, Georgia, Kentucky, and Massachusetts, and conduct such activities from those states.  *See* Ex. B, Lee Decl., ¶ 6.  None are located in Texas.  *See* Ex. B, Lee Decl., ¶ 6.

10.      Based on the foregoing, Defendant does not have a principal place of business in Texas.

## Amount in Controversy

11.      The amount in controversy exceeds $75,000.  *See* Ex. A-1 at ¶ 14.

12.      Plaintiff alleges in his Petition that he seeks monetary relief over $200,000 but less than $1,000,000.  *See* Ex. A-1 at ¶ 14.  This amount includes or is in addition to mental anguish and other non-pecuniary damages, loss of wages in the past and future, attorneys' fees, punitive and exemplary damages, and injunctive relief.  *See* Ex. A-1 at ¶ 11-13.

13.     Thus, it is facially evident from Plaintiff's Original Petition that the total amount of damages Plaintiff seeks exceeds $75,000.

## Timely Removal

14.     This Notice of Removal is being timely filed within 30 days of the date when Defendant received service of the Original Petition.  *See* 28 U.S.C. §1446(b).

## Venue

15.     Under 28 U.S.C. §1441(a), this Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described El Paso County case is pending.

## Notice to the State Court and to Plaintiff of Filing Notice of Removal

16.     Pursuant to 28 U.S.C. §1446(d), Defendant has served Plaintiff with this Notice of Removal and with its Notice to State Court of Removal to Federal Court.  As required by 28 U.S.C. §1446(d), a copy of the Notice of Removal is being filed with the 168th Judicial District Court in El Paso County.

## State Court Records

17.     Pursuant to 28 U.S.C. §1446(a), Defendant is attaching the Petition and Defendant's Original Answer, filed in the 168th Judicial District Court in El Paso County, Texas.

## Conclusion

For the reasons stated above, Defendant respectfully asks this Court to accept removal jurisdiction of this action on the ground of diversity jurisdiction because complete diversity exists between Plaintiff and Defendant, the amount in controversy exceeds $75,000, and removal is timely.

Respectfully submitted,


By:      */s/ Victor N. Corpuz*
        Victor N. Corpuz
        Texas State Bar No. 04838450
        Victor.Corpuz@jacksonlewis.com
        Mehronissa Modgil, Esq.
        Texas State Bar No. 24092846
        Mehronissa.modgil@jacksonlewis.com
        JACKSON LEWIS P.C.
        500 N. Akard
        Suite 2500
        Dallas, Texas  75201
        Telephone:  (214) 520-2400
        Fax:  (214) 520-2008

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On June 29, 2020, I electronically submitted the foregoing document with the Clerk of the

Court for the U.S. District Court, Western District of Texas, using the electronic case filing system

of the Court. I hereby certify that I have served all counsel of record noted below via electronic mail:

> John P. Valdez
> DAVIE & VALDEZ, P.C.
> 1801 N. Stanton
> El Paso, TX 79902
> FX:  (915) 532-1759
> EM:  john@davievaldez.com

*/s/ Victor N. Corpuz*
Victor N. Corpuz