IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IGI GIOVANNI ACOSTA, § | |
| § | |
| § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CAUSE NO.: EP-20-CV-181-PRM |
| § | |
| SOURCECORP BPS, INC., § | |
| § | |
| § | |
| DEFENDANT. § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW IGI GIOVANNI ACOSTA, PLAINTIFF, by and through his attorney of record, John P. Valdez, of Davie & Valdez, P.C., and pursuant to the Court's Standing Order to Replead in Removed Cases, files this, Plaintiff's Complaint, and for cause of action would show the Court as follows:

### PARTIES TO THIS ACTION

1.   Plaintiff is an individual that resides in El Paso County, Texas.

2.   Defendant Sourcecorp BPS, Inc. is a corporation that does regular and systematic business in the State of Texas. Said Defendant has appeared and answered.

## JURISDICTION AND VENUE

3. Plaintiff initially filed suit in State Court in El Paso County, Texas. Defendant removed the case on diversity grounds.

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district.

5. Plaintiff has complied with all administrative prerequisites necessary to maintain this action under Chapter 21 of the Texas Labor Code. More than 180 days prior to the filing of this lawsuit, Plaintiff timely filed a complaint with the Texas Workforce Commission, Civil Rights Division, or Plaintiff has requested and received a "Texas right-to-sue letter."

## FACTS

6. Plaintiff began working for Defendant on or about September of 2018 as a Data Entry Operator.

7. While employed with Defendant, Plaintiff was subjected to unwelcome sexual harassment from his supervisor, Lorenzo Sias. Mr. Sias would refer to Plaintiff as "amor" (love in Spanish) and would touch Plaintiff's hand. These actions made Plaintiff feel uncomfortable. Plaintiff informed Mr. Sias that these advances and comments made Plaintiff uncomfortable and that they were unwelcomed.

8. On or about November 20, 2018, Plaintiff made a complaint to Justin (last name unknown), his manager, and to human resources about Lorenzo Sias' advances and harassment.

8. On or about November 23, 2018, Plaintiff was terminated from his position.

## CAUSE OF ACTION

9.      Plaintiff brings this lawsuit against Defendant for sex discrimination, sexual harassment, hostile work environment based on sex, and retaliation under Chapter 21 of the Texas Labor Code.

10.     Defendant intentionally discriminated against Plaintiff because of his sex in violation of Chapter 21.

11.     Defendant's employees created a hostile work environment through their discriminatory words and actions towards Plaintiff because of Plaintiff's sex. This conduct was so severe that it altered the terms and conditions of plaintiff's employment; created an intimidating, hostile, and offensive work environment; and ultimately resulted in Plaintiff's termination.

12.     Defendant is directly liable because it was negligent in remedying the discriminatory conduct.

13.     Defendant is strictly liable for Mr. Sias' discriminatory conduct because Mr. Sias took a tangible employment action against Plaintiff that significantly changed plaintiff's employment status when he was fired. In the alternative, Defendant is vicariously liable for the discriminatory conduct because Defendant did not exercise reasonable care to prevent and promptly correct the discriminatory conduct, even though Plaintiff took advantage of Defendant's measures designed to prevent and correct discriminatory conduct. Plaintiff invokes the doctrine of *respondeat superior*.

### EQUITABLE RELIEF

14. Plaintiff seeks reinstatement and requests that Defendant be enjoined from engaging in future unlawful practices.

### DAMAGES

15. As a result of the retaliation and wrongful termination of Plaintiff as described above, Plaintiff has suffered and continues to suffer from the following:

   a. Lost wages and loss of wage earning capacity, past and future;

   b. Mental anguish, past and future; and

   c. Compensatory Damages

   d. Punitive Damages

   e. Other damages allowed by law.

16. The actions of Defendant were the type and kind that should result in an award of punitive damages against Defendant.

17. Plaintiff is entitled to an award of attorney fees.

18. Plaintiff seeks monetary relief within the jurisdictional amount of this Court.

### JURY REQUEST

19. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

**PRAYER**

20. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer and that on final trial judgment be entered against Defendant for all relief requested as follows:

    a. Judgment against Defendant for actual damages in an amount that is within the jurisdictional limits of this Court;

    b. Pre and post-judgment interest, as described by law, until paid;

    c. Costs of suit;

    d. Attorney fees;

    e. Punitive damages; and

    f. Such other and further relief, general and special, at law or at equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**DAVIE & VALDEZ P.C.**
1801 N. Stanton
El Paso, Texas 79902
(915) 838-1100

By: *John P. Valdez*
**JOHN P. VALDEZ**
State Bar No. 24047021
john@davievaldez.com

### CERTIFICATE OF SERVICE

    I, John P. Valdez, hereby certify that a true and correct of the foregoing documents have been served upon Victor N. Corpuz at JACKSON LEWIS, P.C.,500 N. Akard, Suite 2500, Dallas, Texas 75201 on this on this <u>22nd day of October,</u> <u>2020</u> via Efiling Service.

*John P. Valdez*
JOHN P. VALDEZ